UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, |
| --- |
| – against – |
| CLIVE BENNETT & BRIAN WILSON, |
| Defendants. |

12-CR-285-1
12-CR-285-2

Amended Statements of Reasons for
Sentences Pursuant to 18 U.S.C. §
3553(c)(2)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 1 3 2013 ★
BROOKLYN OFFICE

**Appearances**

**For the United States of America**

Loretta E. Lynch, Esq.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
By: Seth D. Ducharme, Esq.

**For Clive Bennett**

Howard Greenberg, Esq.
86 Court Street
Brooklyn, New York 11201

**For Brian Wilson**

Charles S. Hochbaum, Esq.
Charles S. Hochbaum, P.C.
16 Court Street, Suite 1800
Brooklyn, New York 11241

JACK B. WEINSTEIN, Senior United States District Judge:

I. Introduction

It is likely that, were their wages higher, defendants would not have committed the crimes for which they are now being sentenced.

Defendants Clive Bennett and Brian Wilson were employees of a company retained by the United States Postal Service ("USPS") to help process mail being transported through John F. Kennedy Airport ("JFK"). They were caught in the act of stealing. They took papers, jewelry and electronics from express mail containers. They stopped only when they were apprehended. Each pled guilty to conspiring to steal United States mail. *See* 18 U.S.C. § 371; 18 U.S.C. § 2571(b)(3).

Poverty is no defense. But, it may be considered in weighing the collateral effects of a sentence such as incarceration or fine on a defendant's family.

II. Facts

Seventeen identifiable victims lost $59,969.63. Obtained during searches of the defendants' homes and vehicles were forty-four rings, nine diamonds, ten earrings, two pendants, two gold chains, an expensive pen, and a pair of luxury headphones.

Defendant Bennett, 50 years old, is a father of nine children and five grandchildren. He expressed regret that his "very best" is insufficient to provide for his family. "[M]any nights," he said, "my kids went to bed with no dinner." Bennett Sentencing Hr'g Tr. 10. He "couldn't live with that anymore." *Id.* As he testified: "I was just looking to feed my family, take care of my grandkids. . . . trying to find something so my family could eat." *See also id.* at 11. His wife, who works as a nurse's aide, earns approximately $40,000 per year. His youngest children—

daughters, ages 16 and 13—are in good health, and attending school successfully. The Bennetts live in a modest, two-bedroom apartment in Brooklyn.

Defendant Wilson is married with two boys, ages three and one. In addition to his own wage of $8.50 per hour, his wife is employed at McDonald's as a shift manager, where she also earns $8.50 an hour. The family resides in Queens Village in a basement apartment. The Wilsons depend on financial and child care assistance from Ms. Wilson's parents. *See* Wilson Sentencing Hr'g Tr. 13-14.

### III. Sentencing

Each sentencing proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y.2004) (utility on appeal).

The total offense levels and criminal histories were the same for each defendant. There were identical victims, financial loss, and acceptance of responsibility. The offense level for each defendant was thirteen. Neither defendant had a criminal record.

The Guidelines range of imprisonment yielded by the offense level and criminal history was twelve to eighteen months; alternatively, the Guidelines provided for a term of imprisonment of six months followed by supervised release with six months of community confinement or home detention. *See* U.S.S.G. § 5C1.1(d)(2). The Guidelines range for a fine was $3,000 to $30,000. *See id.* § 5E1.2(c)(3).

### IV. Sentences Imposed

Respectful consideration was given to the Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553 to ensure that the sentence

3

was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Imposed were Guidelines sentences under 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 245-46 (2005), taking into account the crimes committed and the defendants' personal situations and characteristics.

Defendant Wilson was sentenced to six months imprisonment, to be followed by six months home confinement—with leave to be gainfully employed—as part of a term of three years supervised release.

Defendant Bennett was sentenced to six months imprisonment followed by three years of supervised release. Because he is a Jamaican citizen in the United States as a permanent resident, he will be promptly deported upon his release from prison. He will be denied reentry to the United States—separated from his wife and children who may continue to reside lawfully in this country. Here, deportation is the equivalent of six months of home confinement.

Restitution ordered paid to crime victims is $ 59,969.53; forfeiture to the government of $62,769.63 is also required. Payment of restitution and forfeiture, for which defendants are jointly and severally responsible, is to be satisfied in monthly payments equal to ten percent of each defendant's after-tax income. Any amount received from the government's sale of goods seized from defendants will be credited to forfeiture.

No fines were levied because the defendants do not have, and are unlikely to have, assets to pay a fine. A $100 special assessment was imposed on each defendant.

### V. Statutory Criteria Met

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant[s]." 18 U.S.C. § 3553(a)(1). The sentences imposed reflect the

seriousness of the offense, will promote respect for the law, and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence.

General deterrence is achieved by sending a clear message: serious punishment will be imposed on anyone stealing from the mails.

Specific deterrence is also satisfied. The records of both men will be stained with felony convictions. Each will be sent to prison and saddled with years of payments to satisfy orders of restitution and forfeiture. The payments will—in all likelihood—continue for the rest of the defendants' lives, crippling their own well-being as well as that of their families. And, for defendant Bennett, specific deterrence will be enhanced through his deportation.

## VI. Conclusion

The sentences imposed shall be promptly executed.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: February 11, 2013
Brooklyn, New York